UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAMERON LACROIX | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-cv-13452-ADB |
| | ) | |
| | ) | |
| BRETT LEATHERMAN, et. al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Plaintiff Cameron Lacroix, Pro Se, respectfully submits this memorandum in opposition to Defendants' Motion to Dismiss the Second Amended Complaint and requests leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

## I. INTRODUCTION

Defendants seek dismissal under Rules 12(b)(1), 12(b)(6), and 8 by characterizing Plaintiff's allegations as "implausible conspiracy theories" and "wholly insubstantial," and by arguing that any Bivens remedy is unavailable or futile. Plaintiff's Second Amended Complaint, however, sets forth specific, concrete factual events personally observed by Plaintiff, corroborated in part by law enforcement and emergency medical documentation, that occurred over a defined period of time.

Those allegations include the discovery of unauthorized devices on Plaintiff's home network, unexplained physical disturbances within his home, the overhearing

and documentation of workplace conversations that appeared to reference an ongoing federal investigation, and a series of events involving emergency responders and Amazon security that culminated in his suspension from employment. Since filing the Second Amended Complaint, Plaintiff has obtained additional documents from the Wellesley Police Department and Boston EMS that further clarify the timeline and demonstrate that his reports were considered credible enough to open an investigation.

Defendants' motion largely attacks Plaintiff's credibility and offers alternative explanations for these events. That is not a proper basis for dismissal at the pleading stage. The Court must accept the factual allegations as true and draw all reasonable inferences in Plaintiff's favor.

Plaintiff also acknowledges that certain Title VII allegations are premature because related administrative proceedings are ongoing at the Equal Employment Opportunity Commission. Plaintiff will withdraw those Title VII claims in a Third Amended Complaint and will clarify the scope of any ADA allegations. At minimum, Plaintiff should be granted leave to amend to: (1) incorporate the newly obtained factual materials; (2) sharpen the chronology and specificity of the alleged acts; and (3) address the concerns Defendants raise under Rule 8 and Bivens.

## II. APPLICABLE LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. A claim is plausible when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant may be liable for the alleged misconduct. At this stage, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.

A complaint need not prove the plaintiff's case. It need only set forth enough factual matter—taken as true—to raise a right to relief above a speculative level and to provide fair notice of what the claim is and the grounds upon which it rests. Disputes over competing inferences, credibility, and the ultimate weight of the evidence are reserved for later stages of litigation.

Under Federal Rule of Civil Procedure 12(b)(1) and the substantiality doctrine, jurisdiction may be denied only where the federal claims are "wholly insubstantial," "obviously frivolous," or "essentially fictitious." That demanding

standard is satisfied only when the allegations are so attenuated and insubstantial as to be absolutely devoid of merit, such as the "fantastic" or "delusional" claims courts have occasionally confronted.

## III. PLAINTIFF'S CLAIMS ARE NOT "WHOLLY INSUBSTANTIAL" AND FALL OUTSIDE THE SUBSTANTIALITY DOCTRINE

Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff's allegations are supposedly "implausible conspiracy theories" and thus too insubstantial to support jurisdiction. That argument misapplies the substantiality doctrine.

Plaintiff does not allege far-fetched, fanciful scenarios such as mind-control devices or supernatural interference. Rather, he alleges specific, objectively verifiable events:

The discovery that files from a computer on his home network had been transmitted to an external computer that did not belong to his household;

The presence of two unauthorized devices connected to his wireless network in close proximity to the relevant time period;

An incident on December 5, 2025, during which emergency responders and workplace security personnel detained Plaintiff at work and required him to undergo evaluation; and

The overhearing and documentation of several workplace conversations that appeared to reference the progress of an investigation aligning with some of the events described in the Complaint.

These are the kinds of concrete, real-world events that federal courts routinely adjudicate. Whether Defendants or others are ultimately responsible is a merits question, not a jurisdictional one. The fact that Defendants dispute Plaintiff's interpretation, or that other explanations might exist, does not render the claims "wholly insubstantial." The substantiality doctrine is a narrow jurisdictional rule for claims that are plainly "fantastic" or "delusional"; it does not allow a court to dismiss colorable constitutional claims simply because a government defendant believes the plaintiff is mistaken or exaggerating.

## IV. PLAINTIFF'S ALLEGATIONS ARE PLAUSIBLE, PARTICULARLY IN LIGHT OF NEW FACTS TO BE ADDED

Defendants also argue that Plaintiff's factual allegations are implausible. At the pleading stage, however, plausibility does not require the Court to choose between competing explanations or to accept Defendants' view of the facts.

Since filing the Second Amended Complaint, Plaintiff has obtained additional documentation that further confirms the seriousness with which third parties treated his reports:

On November 14, 2025, Plaintiff met with the Wellesley Police Department regarding unauthorized access to his household wireless network and home and provided a statement.

On January 27, 2026 Wellesley Police's Records Department produced their report, which was delayed in part due to a needed approval, which indicated that the Norfolk District Attorney issued a subpoena to Intel Corporation for assistance in learning who had purchased the computers used during the intrusion.

On February 3, 2026 Boston EMS provided Plaintiff with their report indicating Amazon Security told them that they met with Mr. Lacroix because of his ethics complaint which was directed at AMAZON INVESTIGATOR-1.

Plaintiff has identified AMAZON INVESTIGATOR 1 ("AI-1") and AMAZON INVESTIGATOR 2 ("AI-2") as Matthew Dolon and Anthony Leggett; these identities were not included in the Second Amended Complaint and will be included in a Third Amended if granted.

These additional facts show that law enforcement and emergency personnel took Plaintiff's concerns seriously enough to open an investigation and generate formal reports which neither doubt his credibility or mental health. That reality sharply undercuts Defendants' characterization of the Complaint as insubstantial or inherently implausible.

## V. THE COMPLAINT CAN SATISFY RULE 8, AND PLAINTIFF SEEKS LEAVE TO CLARIFY DEFENDANTS' ROLES

Defendants contend that the Second Amended Complaint fails to provide a "short and plain statement" under Rule 8 and does not sufficiently specify what each

named FBI official did. Plaintiff acknowledges that, as a pro se litigant describing a complex set of events, his prior pleadings are detailed and this may be difficult to follow. However, the solution to any remaining Rule 8 concerns is clarification and targeted amendment—not dismissal with prejudice.

In a Third Amended Complaint, Plaintiff will:

Present the events in a clearer, chronological format;

Distinguish between conduct alleged as to supervisory officials, line-level agents, and unknown agents or informants;

Add factual allegations tying specific individuals or roles to particular investigative actions where Plaintiff has a good-faith basis to do so; and

Remove or narrow claims that are not properly before the Court at this time (including Title VII & ADA claims).

Plaintiff understands that there is no vicarious liability under Bivens and that he must allege, where possible, individual participation or knowledge by each defendant. To the extent the current pleading does not yet meet that standard for every claim, the appropriate remedy is to allow amendment so that Plaintiff can refine and focus his allegations in light of the additional information he has obtained.

## VI. PLAINTIFF'S BIVENS CLAIMS SHOULD NOT BE DISMISSED AT THE PLEADING STAGE AS A "NEW CONTEXT" WITH SPECIAL FACTORS

Defendants also argue that any Bivens claims fail because: (1) they arise in a "new context" meaningfully different from Bivens, Davis, and Carlson; and (2) "special factors" and alternative remedial structures counsel against recognizing a damages remedy. At this stage, the Court should not foreclose all constitutional damages claims on such a thin record, particularly where Plaintiff alleges classic law-enforcement misconduct implicating the Fourth and Fifth Amendments.

First, Plaintiff's core allegations involve unauthorized access to his home network and devices, physical entries or tampering with his residence and personal property, and intrusive surveillance carried out by or at the direction of federal agents. Those are the kinds of direct invasions of personal security and privacy that

Bivens itself addressed. While the fact pattern here is not identical to Bivens, it is not a high-level policy challenge or a purely national-security-policy case; it concerns alleged unconstitutional investigative tactics directed at a specific individual who was previously a target of the federal law enforcement for years.

Second, the "special factors" Defendants invoke do not provide Plaintiff with a realistic alternative remedy. The FBI's Office of Inspector General processes are investigatory and disciplinary mechanisms within the Executive Branch; they do not offer Plaintiff a personal damages remedy for past constitutional violations, nor do they ensure any meaningful opportunity to be heard. While Plaintiff plans to pursue claims under the Federal Tort Claims Act they are limited, statutory schemes that do not provide a direct constitutional cause of action against individual agents and are subject to significant exceptions and caps.

At the motion-to-dismiss stage, the Court need only determine whether Plaintiff has alleged plausible constitutional violations that are not plainly barred as a matter of law. Whether a Bivens remedy ultimately extends to each claim or defendant is a complex question better addressed with a more developed factual context. Dismissing all constitutional claims now would prematurely insulate potentially unconstitutional conduct from any judicial scrutiny.

## VII. ADA AND TITLE VII CLAIMS

Defendants argue that Plaintiff's ADA and Title VII claims fail as a matter of law. Plaintiff agrees that, as currently framed, the Title VII claims are not ripe in this action because he was employed by Amazon—not the FBI—and the administrative process before the EEOC is ongoing. Plaintiff therefore will withdraw the Title VII claims from this case in a Third Amended Complaint and await resolution through the appropriate administrative process.

As to the ADA, Plaintiff does not intend to pursue under Title II as referenced by the Government and he intends to remove these charges on amend as well.

By clarifying the statutory claims in this way Plaintiff eliminates several of Defendants' arguments for dismissal and focuses this case on the constitutional issues and factual disputes at its core.

## VIII. DISMISSAL WITH PREJUDICE WOULD BE IMPROPER; LEAVE TO AMEND SHOULD BE FREELY GRANTED

Defendants urge the Court to dismiss this action with prejudice, arguing that amendment would be futile. The record does not support that outcome.

Under Rule 15(a)(2), courts should freely give leave to amend when justice so requires. The Supreme Court has held that leave should be granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or clear futility. Here:

The case is at the pleading stage; no discovery has occurred and no scheduling order has been issued.

Plaintiff has obtained new documentary evidence (police report, notice of a pending subpoena, EMS report, identities of investigators) that materially strengthens and clarifies his allegations.

Plaintiff has already indicated his willingness to narrow the case by withdrawing premature Title VII claims inapplicable ADA claims against all defendants.

Any Rule 8 or Bivens-specific concerns can be addressed by more focused allegations in a Third Amended Complaint.

Courts routinely allow pro se litigants at least one meaningful opportunity to cure pleading defects, particularly where new facts have come to light and where the defendants will not be prejudiced by amendment. Under these circumstances, the drastic remedy of dismissal with prejudice is not warranted. If the Court identifies specific deficiencies in the Second Amended Complaint, Plaintiff respectfully requests guidance and a short period—such as five (5) days from the Court's order—to file a Third Amended Complaint addressing those issues.

## IX. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

**Deny Defendants' Motion to Dismiss;** or, in the alternative,

**Grant Plaintiff leave to file a Third Amended Complaint within five (5) days** of the Court's order to

(a) incorporate newly obtained factual information

(b) clarify the roles and actions of the defendants, and

(c) withdraw or narrow certain statutory claims as described above.

Respectfully submitted,

Dated: March 6, 2026

CAMERON LACROIX
/s/ Cameron Lacroix
Pro-se
PO Box 620144
Newton, MA 02462
cameronlacroix@proton.me

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 6, 2026.

Respectfully submitted,

Dated: March 6, 2026

CAMERON LACROIX
/s/ Cameron Lacroix
Pro-se
PO Box 620144
Newton, MA 02462