UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAMERON LACROIX | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-cv-13452-ADB |
| | ) | |
| | ) | |
| BRETT LEATHERMAN, et. al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND RENEWED REQUEST FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Plaintiff Cameron Lacroix, Pro se, respectfully submits this Supplemental Opposition to Defendants' Motion to Dismiss the Second Amended Complaint. This filing is limited to factual developments that occurred after Plaintiff filed his Second Amended Complaint and his original Opposition, and it renews his request for leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

Plaintiff does not seek to re-argue the legal standards already presented in his Opposition. Instead, he brings to the Court's attention several recent events that are consistent with his prior allegations regarding Amazon investigators, surveillance activity, and ongoing investigatory efforts targeting him.

## I. NEWLY ARISING FACTS

A. February 11, 2026 – CVS in Wellesley, Massachusetts

On February 11, 2026, Plaintiff visited a CVS located on Linden Street in Wellesley, Massachusetts. While in a vestibule area near the exit, he overheard two women conversing, and one stated words to the effect of: "they denied us" and "that is a huge problem because everything we had came from there, you know, big tech, Amazon." Plaintiff understood this to refer to Amazon and to some form of investigative or operational effort encountering a setback, which is consistent with his prior allegations regarding AMAZON INVESTIGATOR-1 and Amazon's role in events leading to his suspension and subsequent investigation.

## B. March 10, 2026 – Panera Bread in Waltham, Massachusetts

On March 10, 2026, Plaintiff visited a Panera Bread restaurant in Waltham, Massachusetts. While there, he overheard a man discussing "this case we have here" and referencing surveillance efforts. The man stated that the "eyes and ears on the ground" were being paid approximately $35 per hour to sit in their cars and watch television because they were "bored," and added that Rhode Island received many of its assignments from partner entities. Plaintiff has family near the Rhode Island border and has previously alleged a significant deployment of agents to surveil him. These new statements suggest that surveillance resources remain active, albeit more dispersed, and they are consistent with Plaintiff's earlier claims of prolonged monitoring.

## C. March 11, 2026 – Newton Free Library, Newton, Massachusetts

On March 11, 2026, while seated on the second floor of the Newton Free Library in Newton, Massachusetts, Plaintiff overheard a woman he believed to be a government agent discussing an operation she called "Carnival Connection." Plaintiff heard her say that "Carnival Connection took a dump," followed by a nervous laugh, and that they needed a "strategic mind" to move things along, figure out how to engage a potential volunteer (informant), and "figure out the WhatsApp thing." She also indicated that this was their October 2025 project and that she needed a large calendar to understand what others were planning. Plaintiff reasonably understood these comments to describe an investigative or operational mission related to him that had stalled or encountered obstacles, consistent with his prior allegations concerning an investigation where agents did not play by the rules and chose to harass him because they expected he would have been arrested.

## D. March 16, 2026 – Suspected Network Tampering at Newton Free Library

On March 16, 2026, while studying at the Newton Free Library, Plaintiff's wireless connection repeatedly dropped and reconnected to a network that appeared to impersonate the library's legitimate network—behavior that had not occurred during his prior use of the facility. Concerned that individuals might be tampering with or intercepting his network traffic, Plaintiff reported his observations to a supervisor, Gina, and identified several individuals he believed might be involved. Plaintiff is working to schedule a meeting with the library's IT manager and intends, if possible, to obtain digital evidence before filing a Third Amended Complaint. Any technical allegations he adds will be limited to those for which he has a good-faith factual basis.

## II. RELEVANCE TO PLAINTIFF'S CLAIMS AND REQUEST FOR LEAVE TO AMEND

The events described above occurred after Plaintiff filed his Second Amended Complaint and his original Opposition. They are specific, dated, and tied to real-world locations and observable conduct, including:

Statements apparently referencing Amazon and investigative setbacks.

Statements describing paid surveillance teams and ongoing "case" activity.

References to an operation code-named "Carnival Connection," involving informants and messaging applications.

Network behavior consistent with impersonation or tampering, reported to library staff.

These facts are consistent with, and tend to reinforce, Plaintiff's existing allegations regarding Amazon investigators, government agents, surveillance, and investigatory activity focused on him. They are not "fantastic" or "delusional" in nature, but instead present concrete observations that, if proven, bear directly on the plausibility of his claims.

Under Rule 15(a)(2), the Court should freely grant leave to amend when justice so requires. Plaintiff seeks leave not to add new legal theories, but to: (1) incorporate these newly arising factual developments; and (2) present a clearer, more concise pleading that also narrows certain statutory claims as indicated in his prior Opposition.

## III. CONCLUSION

For the foregoing reasons, and for those previously set forth in his Opposition to Defendants' Motion to Dismiss, Plaintiff respectfully requests that the Court:

Deny Defendants' Motion to Dismiss; and

Grant Plaintiff leave to file a Third Amended Complaint within five (5) business days of the Court's order, for the limited purpose of incorporating the newly described facts and further clarifying and narrowing his claims.

Respectfully submitted,

Dated: March 16, 2026

CAMERON LACROIX
/s/ Cameron Lacroix
Pro-se
PO Box 620144
Newton, MA 02462
cameronlacroix@proton.me


## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 16, 2026.

Respectfully submitted,

Dated: March 16, 2026

CAMERON LACROIX
/s/ Cameron Lacroix
Pro-se
PO Box 620144
Newton, MA 02462
cameronlacroix@proton.me