**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CAMERON LACROIX,<br>Plaintiff,<br><br>v.<br><br>BRETT E. LEATHERMAN, et al.,<br>Defendants. | Civil Action No. 1:25-cv-13452-ADB<br><br>ATTACHMENT A |

## ATTACHMENT A

## STATEMENT REGARDING FRAP 4(a)(1)(B)(iv) AND GROUNDS FOR APPEAL

Plaintiff submits this separate attachment to explain the basis on which he invokes Federal Rule of Appellate Procedure 4(a)(1)(B)(iv) and to identify factual allegations and proposed additional facts that he contends bear on whether dismissal with prejudice was warranted. The statements below are allegations and contentions of Plaintiff; they are not presented as findings already made by the District Court.

1. FRAP 4 timeliness position. Plaintiff used UCE designations for persons he alleged were federal officers or agents. He states that he initially withheld some identities because he was concerned that disclosure could implicate the Intelligence Identities Protection Act, but has since obtained evidence that, in his view, suggests some of those individuals may have been involved in serious criminal conduct, including murder. Plaintiff invokes Rule 4(a)(1)(B)(iv)'s 60-day period on the ground that the defendants include current or former United States officers or employees allegedly acting in connection with federal duties. Plaintiff does not represent that the federal status of each individual has been judicially established.
2. UCE-1 / Barton Miller. Plaintiff identifies UCE-1, previously described as B.M., as Barton Miller. Plaintiff states that he recorded Mr. Miller in a covert capacity and contends that the recording captures Mr. Miller discussing violent acts, including cutting off another person's testicles, as well as other violent acts and conduct. Plaintiff contends that the recordings corroborate the allegations concerning the fact that he overheard him in November of 2025 discussing aspects related to an undercover mission.
3. UCE-3 / Robert Markelewicz. Plaintiff identifies UCE-3, previously described as R.M., as Robert Markelewicz, who was a neighbor of Plaintiff at 680 Worcester Street in Wellesley, Massachusetts. Plaintiff states that after he told Mr. Markelewicz that he was planning to move out. Plaintiff found an apartment listed on Craigslist which ultimately ended up being where Mr. Miller resided. Plaintiff then spoke with Ben Carroll, a realtor for Woodland Park Apartments, and understood that the unit would rent for approximately $2,300 per month. After viewing the unit, Plaintiff observed what he describes as a very bad smell, a hole in the wall, and part of the stove had been torn or pulled away from the wall. Plaintiff was told via e-mail that it was a very nice unit but Mr. Carroll appeared to have no knowledge about the destruction at the time of it’s viewing. After expressing interest, Plaintiff was told that the rent was being decreased, that he would receive a free month, and after receiving his lease he discovered that someone apparently paid rent for his last month per his leasing agreement. Plaintiff contends that those representations and concessions induced him to move to the property but these circumstances suggest that something bad was supposed to happen to him.

4. UCE-4 / Philippe Miralda. Plaintiff identifies UCE-4, previously described as Philippe, as Philippe Miralda. Plaintiff alleges that he heard Mr. Miralda discussing details related to an operation that Plaintiff understood to mean that Plaintiff would be surrounded, that his phone would be taken from him, and that the phone would then be destroyed. Plaintiff further states that he was suspended from employment pending a confidential investigation and was brought back to work months later after being told that the company did not know all of the details surrounding the investigation and that he had been cleared. Plaintiff states that Mr. Miralda has since been reassigned to another team within Amazon involving a Confidential Project.

5. Factual material relevant to amendment and dismissal with prejudice. Plaintiff contends that he possessed, or could plead with greater specificity, facts concerning potentially corroborative material. Among other things, Plaintiff states that Star Market had already preserved video surveillance relating to an individual whom Plaintiff alleged harassed him inside the store. Plaintiff also identifies covert recordings that he contends capture statements material to his allegations, including the Barton Miller recording described above. Plaintiff does not ask the Court of Appeals to weigh evidence that was not part of the District Court record as though the appeal were a new fact-finding proceeding. Rather, Plaintiff identifies these matters to explain why he contends dismissal with prejudice and a conclusion that further amendment would necessarily be futile were unwarranted, particularly where Plaintiff sought an opportunity to amend in lieu of dismissal.

6. Appellate challenge. Plaintiff intends to argue that the District Court erred in dismissing the action with prejudice and, to the extent the Court denied his request for leave to amend, erred or abused its discretion in refusing an opportunity to cure pleading deficiencies. Plaintiff contends that the proper appellate relief is vacatur or reversal of the dismissal with prejudice and remand for further proceedings, including leave to amend where appropriate, rather than appellate fact-finding concerning materials outside the existing record.

7. Appellate record. Plaintiff understands that appellate review ordinarily proceeds on the record properly before the District Court. To the extent any preserved video, covert recording, identity allegation, or other factual matter described here was not part of the record considered below, Plaintiff does not represent that submitting this attachment automatically makes that material part of the appellate merits record. Plaintiff identifies such matters to describe the proposed factual development and amendment he contends the District Court should not have foreclosed through dismissal with prejudice.

Dated: October 17, 2026

Respectfully submitted,

/s/ Cameron Lacroix

**CAMERON LACROIX**



Plaintiff, Pro Se
P.O. Box 620144
Newton, MA 02462
617-539-6662
cameronlacroix@proton.me